IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GEORGE MERCIER and MARISA C. MERCIER,<br><br>           Plaintiffs,<br><br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>           Defendant. | Case No. 2:07-CV-713-DB<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by pro se Plaintiff, George Mercier, on behalf of himself and his daughter, Marisa C. Mercier.  Plaintiff's complaint was filed on September 24, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed in forma pauperis was granted (Docket Entries #1, 2).  United States District Judge Dee Benson, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on October 3, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entry #4.)

## DISCUSSION

Plaintiff is proceeding pro se.  As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers.

*See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of Plaintiff's complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.*

> Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other pro se litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, at 28 U.S.C. § 1915(e)(2)(B), the law directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Plaintiff is proceeding in forma pauperis, the court must consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

Section 1915(e)(2)(B) is an issue in this case because it appears that Plaintiff's complaint is frivolous.  The United States Supreme Court has construed the meaning of "frivolous" within the context of the in forma pauperis statute, holding specifically that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in either law or fact."  *Neizke v. Williams*, 490 U.S. 319, 325 (1989).  The in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.* at 327.  Examples of baseless factual contentions are those which describe "fantastic or delusional scenarios."  *Id.* at 328.

The court finds that Plaintiff's complaint falls squarely within this class.  In his complaint, Plaintiff alleges that the Federal Bureau of Investigation (hereafter "FBI") had manufactured a "second personality" of himself, George Mercier.  Plaintiff explains that such second personalities "are generally violent, and often involve carrying a firearm, as the double and look-alike, with a smirk on his face, robs banks, insults the

3

U.S. Marshals to their face in federal buildings, jumps on top of police cars, and stunts the conveyance of defamatory statements at the public at airports and other locations - all in violation of the Jencks Act and the Civil Rights Act of 1964 - as the FBI creates a series of civil disturbances, for *ex-parte* presentation in judicial chambers as legal arguments to a Judge for power-of-attorney stealings in the land . . . ."  In a footnote, Plaintiff explains, "When the FBI manufactures Second Personalities to book someone else for violent crimes - they are operating as the Secret Police in the land, and ultimately, they are trying to have someone tortured."  Plaintiff also alleges that he has "reason to believe that the FBI has made clandestine arrangements with the police to have [Marisa Mercier's] State ID stolen - which means that a Second Personality is out on her, as well[, which is] . . . a grand FBI design to have her tortured one day."  Plaintiff also contends that "[a]ll of the Employment banishment against George Mercier now in effect in the State of Nevada, which is fairly thorough, is tied to FBI motives to keep George Mercier away from his daughter Marisa C. Mercier - by reason of economic impoverishment."

   The court finds that the facts alleged in Plaintiff's complaint are of the type the in forma pauperis statute was aimed at because they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). While the court construes Plaintiff's complaint liberally because

4

he is proceeding pro se, a broad reading of Plaintiff's complaint does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.  *See Hall*, 935 F.2d at 1110.  It appears Plaintiff George Mercier may be suffering from some type of delusion, and the court is sympathetic to his unfortunate circumstances.  However, the court "shall dismiss the case at any time if [it] determines that" Plaintiffs' complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B)(1).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 9th day of January, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge